FILED
AUG 3 0 2007 NH
AUG. 30, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JH

| | |
|---|---|
| CHRISTIAN ARROYO, a minor, by his Parents and Next Friends CARLOS ARROYO and MARIA SOLÓRZANO, and CARLOS ARROYO and MARIA SOLÓRZANO, Individually, | ) ) ) ) ) ) ) |
| Plaintiffs, | 07CV 4912 |
| v. | JUDGE ST. EVE |
| UNITED STATES OF AMERICA, | MAGISTRATE JUDGE ASHMAN ) |
| Defendant. | ) |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, CHRISTIAN ARROYO, a minor, by his Parents and Next Friends CARLOS ARROYO and MARIA SOLÓRZANO, by and through their attorneys, SALVI, SCHOSTOK & PRITCHARD P.C.; and complaining of the Defendant UNITED STATES OF AMERICA state as follows:

### JURISDICTION AND VENUE

1. This is an action arising under the Federal Torts Claims Act, 28 U.S.C. §§2671 *et seq.*

2. The Plaintiff, CHRISTIAN ARROYO, is a minor; and Plaintiffs, CARLOS ARROYO and MARIA SOLÓRZANO, are his lawful parents and legal guardians.

3. Plaintiffs, CARLOS ARROYO and MARIA SOLÓRZANO, as the next friends of CHRISTIAN ARROYO, and Plaintiffs, CARLOS ARROYO, individually, and MARIA

SOLÓRZANO, individually, have complied with Section 2675(a) of the Federal Tort Claims Act, and have exhausted their administrative remedies before filing this suit.

4. On April 19, 2006, Plaintiffs, CARLOS ARROYO and MARIA SOLÓRZANO, as the next friends of CHRISTIAN ARROYO, and Plaintiffs, CARLOS ARROYO, individually, and MARIA SOLÓRZANO, individually, filed administrative claim(s) with the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES in the sum total of $120,000,000.00. Plaintiffs, CARLOS ARROYO and MARIA SOLÓRZANO, as the next friends of CHRISTIAN ARROYO demanded $60,000,000.00, for negligence and personal injury of CHRISTIAN ARROYO; CARLOS ARROYO, individually, demanded $30,000,000.00, for family medical expense claims and caretaking claims; MARIA SOLÓRZANO, individually, demanded $30,000,000.00 for family medical expense claims and caretaking.

5. The UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES on December 27, 2006, mailed a written denial of the claims.

6. Plaintiffs, CARLOS ARROYO and MARIA SOLÓRZANO, as the next friends of CHRISTIAN ARROYO, and Plaintiffs, CARLOS ARROYO, individually, and MARIA SOLÓRZANO, individually, filed a request for reconsideration on February 22, 2007 pursuant to 28 C.F.R. §14.9.

7. The UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES on April 13, 2007, mailed a final written denial of the claim. Pursuant to 28 U.S.C. 2675(a), Plaintiffs, CARLOS ARROYO and MARIA SOLÓRZANO, as the next friends of CHRISTIAN ARROYO, and Plaintiffs, CARLOS ARROYO, individually, and MARIA SOLÓRZANO,

2

individually elect to file their Complaint against the Defendant, UNITED STATES OF AMERICA, in a District Court.

8. This Court is vested with jurisdiction pursuant to 28 U.S.C. §1346(b). Plaintiffs, CARLOS ARROYO and MARIA SOLÓRZANO, as the next friends of CHRISTIAN ARROYO, and Plaintiffs, CARLOS ARROYO, individually, and MARIA SOLÓRZANO, individually, reside in North Chicago, Illinois, Lake County, within the Northern District of Illinois, Eastern Division. The complained of acts and omissions of the Defendant, UNITED STATES OF AMERICA, occurred within the Northern District of Illinois, Eastern Division.

9. Between February 1, 2003 through July 8, 2003 and at all times relevant, ERIE FAMILY HEALTH CENTER (hereinafter referred to as ERIE) had been deemed by the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES to be an employee of the UNITED STATES OF AMERICA pursuant to 42 U.S.C. §233, for Federal Tort Claims Act purposes only.

10. Between February 1, 2003 through July 8, 2003, and at all times relevant, ERIE was a private entity receiving grant money from the UNITED STATES PUBLIC HEALTH SERVICE pursuant to 42 U.S.C. §233.

11. Between February 1, 2003 through July 8, 2003, and at all times relevant, ERIE was owned and/or operated by the Defendant, UNITED STATES OF AMERICA, through the UNITED STATES PUBLIC HEALTH SERVICE, an agency of the Defendant.

## COUNT I
## (Medical Negligence)

1-11. Plaintiffs CARLOS ARROYO and MARIA SOLÓRZANO restate, re-allege and incorporate by reference paragraphs 1 through 11 above, including all subparagraphs, as and for paragraphs 1 through 11 of Count I.

12. On and before February 1, 2003 through July 8, 2003 and at all times material, RAHDA B. REDDY, M.D., (hereinafter "DR. REDDY") was a physician licensed to practice medicine in the State of Illinois.

13. On and before February 1, 2003 through July 8, 2003 and at all times material, VERLAINNA CALLENTINE, M.D., (hereinafter "DR. CALLENTINE") was a physician licensed to practice medicine in the State of Illinois.

14. On and before February 1, 2003 through July 8, 2003 and at all times material, LAURA SCHWAB, M.D., (hereinafter "DR. SCHWAB") was a physician licensed to practice medicine in the State of Illinois.

15. On and before February 1, 2003 through July 8, 2003 and at all times material, DR. REDDY was an agent, apparent agent and/or employee of ERIE.

16. On and before February 1, 2003 through July 8, 2003 and at all times material, DR. CALLENTINE was an agent, apparent agent and/or employee of ERIE.

17. On and before February 1, 2003 through July 8, 2003 and at all times material, DR. SCHWAB was an agent, apparent agent and/or employee of ERIE.

18. On and before February 1, 2003 through July 8, 2003 and at all times material, ERIE undertook to employ physicians such as DR. REDDY, DR. CALLENTINE and DR.

4

SCHWAB for the purpose of providing medical services to individuals like the Plaintiffs MARIA SOLÓRZANO and CHRISTIAN ARROYO, a minor.

19. On and before February 1, 2003 through July 8, 2003 and at all times material, DR. REDDY, DR. CALLENTINE and DR. SCHWAB were members of the medical staff at Northwestern Memorial Hospital.

20. On May 16, 2003, MARIA SOLÓRZANO was admitted to Northwestern Memorial Hospital as a patient.

21. On May 16, 2003, when MARIA SOLÓRZANO was admitted to Northwestern Memorial Hospital as a patient, she had an unknown Group B Streptococcus (GBS) status.

22. While providing medical care and treatment to Plaintiffs MARIA SOLÓRZANO and CHRISTIAN ARROYO, a minor, DR. REDDY was doing so as an employee, agent and/or apparent agent of ERIE and the UNITED STATES.

23. While providing medical care and treatment to Plaintiffs MARIA SOLÓRZANO and CHRISTIAN ARROYO, a minor, DR. CALLENTINE was doing so as an employee, agent and/or apparent agent of ERIE and the UNITED STATES OF AMERICA.

24. While providing medical care and treatment to Plaintiffs MARIA SOLÓRZANO and CHRISTIAN ARROYO, a minor, DR. SCHWAB was doing so as an employee, agent and/or apparent agent of ERIE and the UNITED STATES OF AMERICA.

25. On May 17, 2003, Plaintiff MARIA SOLÓRZANO gave birth to a male infant, the minor Plaintiff, CHRISTIAN ARROYO at Northwestern Memorial Hospital.

26. While providing medical care and treatment to the Plaintiffs MARIA SOLÓRZANO and CHRISTIAN ARROYO, a minor, employees, agents and/or apparent agents

of ERIE, including but not limited to DR. REDDY, DR. CALLENTINE, and DR. SCHWAB, had a duty to possess and apply the knowledge and use the skill and care which reasonably well-qualified and/or reasonably careful medical professionals would use in cases like the Plaintiffs'.

27. Defendant UNITED STATES OF AMERICA, by and through the actions and/or omissions of its employees, agents and/or apparent agents, including but not limited to DR. REDDY, DR. CALLENTINE and DR. SCHWAB, breached its duties and was negligent in one or more of the following respects:

a. failed to properly assess, test and treat MARIA SOLÓRZANO and her unborn child CHRISTIAN ARROYO for GBS during prenatal care;

b. failed to follow up and/or convey information to other members of the healthcare team regarding the need for testing for GBS and/or prophylactic antibiotic treatment;

c. failed to request that antibiotic therapy be ordered for a patient presenting with an unknown GBS status;

d. failed to appreciate, recognize and properly respond to MARIA SOLÓRZANO's risk of infection and communicate these facts to other members of the healthcare team and to her family during the neonatal period;

e. failed to appropriately supervise and monitor the care and treatment rendered to CHRISTIAN ARROYO;

f. failed to recognize that CHRISTIAN ARROYO was critically ill and treat him within the appropriate standard of care, and

g. failed to recognize and respond appropriately to signs and symptoms of sepsis.

28. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of UNITED STATES OF AMERICA, by and through its employees, agents and/or apparent agents, including but not limited to DR. REDDY, DR. CALLENTINE, and DR.

SCHWAB, Plaintiff CHRISTIAN ARROYO, a minor, has suffered severe, permanent and irreversible brain damage; is permanently disabled; has experienced and will permanently experience untold suffering; has incurred and in the future will incur obligations for substantial sums of money for hospital, medical, nursing, caretaking, custodial and other expenses; and has been permanently deprived of the ability and capacity to earn a living.

29. The Plaintiffs have attached as Group Exhibit A an affidavit and reports in compliance with 735 ILCS 5/2-622 of the Illinois Compiled Statutes as amended.

WHEREFORE, the Plaintiffs, CHRISTIAN ARROYO, a minor, by his Parents and Next Friends CARLOS ARROYO and MARIA SOLÓRZANO, and CARLOS ARROYO and MARIA SOLÓRZANO, Individually, demand judgment against Defendant UNITED STATES OF AMERICA, in a sum of money in excess of $50,000.00, together with the costs of this action.

## COUNT II
### (Family Expense Act)

NOW COME the Plaintiffs CARLOS ARROYO and MARIA SOLÓRZANO, individually, and by and through their attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., and complaining of the Defendant, the UNITED STATES OF AMERICA, state as follows:

1-29. Plaintiffs CARLOS ARROYO and MARIA SOLÓRZANO restate, re-allege and incorporate by reference paragraphs 1 through 29 of Count I, including all subparagraphs, as and for paragraphs 1 through 29 of Count II.

30. Plaintiffs CARLOS ARROYO and MARIA SOLÓRZANO are the natural parents and legal guardians of CHRISTIAN ARROYO, a minor.

31. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant UNITED STATES OF AMERICA, by and through the actions and/or omissions of its employees, agents and/or apparent agents, including but not limited to DR. REDDY, DR. CALLENTINE, and DR. SCHWAB, the Plaintiffs CARLOS ARROYO and MARIA SOLÓRZANO, as parents and next friends of the minor Plaintiff, CHRISTIAN ARROYO, incurred, and in the future will incur, obligations for substantial sums of money for hospital, medical, nursing and other medical and family expenses of the minor Plaintiff pursuant to the Illinois Family Expense Act, 750 ILCS 65/14.

WHEREFORE, the Plaintiffs CARLOS ARROYO and MARIA SOLÓRZANO, individually, demand judgment against Defendant the UNITED STATES OF AMERICA in a sum of money in excess of $50,000.00, together with the costs of this action.

Respectfully submitted,

By: _____
DAVID J. PRITCHARD
STEVEN H. LEECH
SALVI, SCHOSTOK & PRITCHARD P.C.
218 North Martin Luther King Jr. Ave
Waukegan, IL, 60085
(847) 249-1227

## CERTIFICATE FOR AN ACTION IN MEDICAL MALPRACTICE
## PURSUANT TO 735 ILCS 5/2-622

I am a physician licensed to practice medicine in the State of Washington in all of its branches. I am a board certified in maternal-fetal medicine. I have practiced in this area of medicine for well over the last twenty years and was in active practice at the time of this review. I am qualified and familiar with the appropriate standard of care for a reasonably well-qualified obstetrician and maternal-fetal physician as well residents, as the methods, procedures and treatments relevant to the allegations at issue in this case.

I have reviewed in detail medical records, facts, and other relevant materials pertaining to Maria Solorzano and Christian Arroyo, a minor, including prenatal records from Erie Family Health Center and the May 16, 2003 admission and hospital records from Northwestern Memorial Hospital.

For the reasons that follow below, it is my opinion, which I hold to a reasonable degree of medical certainty that a meritorious basis for filing an action exist against Radha B. Reddy, M.D. and Northwestern Memorial Hospital, by and through their agents, employees and/or servants, including but not limited to Dr Radha B. Reddy, M.D., and nurses outlined by nurse Jane James.

**My reasons relating to the care and treatment rendered by Rahda B. Reddy, M.D. and Northwestern Memorial are as follows:**

- Failed to properly assess and treat MARIA SOLOLZANO and her unborn child;
- Failed to order antibiotic therapy be ordered for a patient presenting with an unknown GBS status; and
- Failed to appreciate, recognize and properly respond to, MARIA SOLORZANO'S and Christian Arroyo's risk of infection;
- Failed to communicate MARIA SOLORZANO'S and Christian Arroyo's risk of infection to other members of the health care team and to her family.

In sum, it is my opinion that the above-referenced deviations in the standard of care set forth above and those set forth by nurse Jane James, each individually caused or contributed to cause the neurological damage suffered by Christian Arroyo and that these deviations caused or contributed to cause Christian Arroyo's permanent neurological injury.

Respectfully submitted:

_[signature]_

Zane A. Brown, M.D.
4405 94th Avenue NE
Belleview, Washington 98004
December 30, 2005
Washington license number - 15732

EXHIBIT
Group A



## CERTIFICATE FOR AN ACTION IN MEDICAL MALPRACTICE
## PURSUANT TO 735 ILCS 5/2-622

I am a Certified Neonatal Nurse Practitioner licensed by the State of Ohio. I specialize in pediatric and neonatal nursing. I have practiced in this area of nursing for the last 26 years and am in active practice at the time of this review. I am familiar with the appropriate standard of care for reasonably well qualified registered nurses in the treatment of pediatric and neonatal patients. I am currently being retained as a consultant pursuant to Supreme Court Rule 201(b) (3), and it is my understanding that my identity will not be disclosed until, and if, I am identified as a testifying expert.

I have reviewed in detail medical records, facts, and other relevant materials pertaining to Maria Solorzano and Christian Arroyo, a minor, including prenatal records from Erie Family Health Center and the May 16, 2003 admission records from Northwestern Memorial Hospital. I am currently being retained as a consultant pursuant to Supreme Court Rule 201(b) (3), and it is my understanding that my identity will not be disclosed until, and if, I am identified as a testifying expert.

For the reasons that follow below, it is my opinion, which I hold to a reasonable degree of medical certainty that a meritorious basis for filing an action exist against Northwestern Memorial Hospital, by and through its employees, agents and/or apparent agents, Theresa Toply, R.N., E. Meinquin, R.N., K. Balden, JW, R.N., CT, R.N., C. Williams, R.N. and Darlene G., R.N.

**My reasons relating to the care and treatment rendered by Northwestern Memorial Hospital, by and through its employee, agent and/or apparent agent, Theresa Toply, R.N., are as follows:**

- failed to notify the physician of a change in CHRISTIAN ARROYO'S apical heart rate in a timely manner,
- failed to respond to a decrease in CHRITIAN ARROYO'S temperature, and
- failed to initiate the chain-of-command.

**My reasons relating to the care and treatment rendered by Northwestern Memorial Hospital, by and through its employee, agent and/or apparent agent, E. Meinquin, R.N., are as follows:**

- failed to institute the chain-of-command

**My reasons relating to the care and treatment rendered by Northwestern Memorial Hospital, by and through its employee, agent and/or apparent agent, K. Balden, R.N., are as follows:**
- failed to notify the physician of a change in CHRISTIAN ARROYO'S heart rate, and
- failed to institute a chain-of-command.

My reasons relating to the care and treatment rendered by Northwestern Memorial Hospital, by and through its employee, agent and/or apparent agent, J.W., R.N., are as follows:

- failed to notify the physician of CHRISTIAN ARROYO'S increased heart rate, retractions, low temperature, pale color and decreased muscle tone in a timely manner, and
- failed to institute a chain-of-command.

My reasons relating to the care and treatment rendered by Northwestern Memorial Hospital, by and through its employee, agent and/or apparent agent, C.T., R.N., are as follows:

- failed to notify the physician of a change in CHRISTIAN ARROYO'S medical status;
- failed to institute the chain-of-command, and
- inappropriately turned CHRISTIAN ARROYO'S isolette off instead of setting the neutral thermal environment of the isolette.

My reasons relating to the care and treatment rendered by Northwestern Memorial Hospital, by and through its employee, agent and/or apparent agent, C. Williams, R.N., are as follows:

- failed to notify the physician of a change in CHRISTIAN ARROYO'S medical status, and
- failed to initiate the chain-of-command.

My reasons relating to the care and treatment rendered by Northwestern Memorial Hospital, by and through its employee, agent and/or apparent agent, Darlene G., R.N. are as follows:

- failed to identify that the wrong dose of medications were ordered before allowing them to be administered to CHRISTIAN ARROYO.

Dated: October 26, 2005

Respectfully submitted,

Beverly J. Mike-Nard, R.N.C., M.S.N., CNNP
3330 Partridge Drive
Poland, Ohio 44514
State of Licensure, Ohio
License No.: OH-21-15-9250

CERTIFICATE FOR AN ACTION IN MEDICAL MALPRACTICE
PURSUANT TO 735 ILCS 5/2-622

I am a physician licensed to practice medicine in the State of New York in all of its branches. I am a board certified in pediatrics and sub-boarded in neonatal-perinatal medicine. I have practiced in the above-referenced areas of medicine for well over the last twenty years and was in active practice at the time of this review. I am qualified and familiar with the appropriate standard of care for a reasonably well-qualified pediatrician and subspecialist in neonatal-perinatal medicine as well as the methods, procedures and treatments relevant to the allegations at issue in this case.

I have reviewed in detail medical records, facts, and other relevant materials pertaining to Maria Solorzano and Christian Arroyo, a minor, including prenatal records from Erie Family Health Center and the May 16, 2003 admission records from Northwestern Memorial Hospital.

For the reasons that follow below, it is my opinion, which I hold to a reasonable degree of medical certainty that a meritorious basis for filing an action exist against defendants, Dr. Verlainna Calllentine, Individually, Northwestern Memorial Hospital, Individually, and Northwestern Memorial Hospital, by and through its actual and/ or apparent, agents, employees, and/or servants, Dr. Verlainna Callentine, residents, interns, and nurses.

**My reasons relating to the care and treatment rendered by Verlainna Callentine, M.D., and Northwestern Memorial Hospital by and through its agents, employees and/or servants, including but not limited to residents and interns, are as follows:**

- failed to appropriately supervise and monitor the care and treatment rendered to CHRISTIAN ARROYO;
- failed to recognize that CHRISTIAN ARRORYO was critically ill and treat him within the appropriate standard of care;
- failed to authorize the transfer of CHRISTIAN ARROYO to the neonatal intensive care unit and seek immediate consultation from a neonatologist when the baby demonstrated the first abnormalities in vital signs;
- failed to be readily available to the nursing staff for any problems associated with CHRISTIAN ARRORYO'S condition;
- failed to come to the hospital and examine CHRISTIAN ARROYO after being notified several times of his critical and worsening condition, and
- failed to recognize and respond appropriately to signs and symptoms of sepsis.

In sum, it is my opinion that the above-referenced deviations in the standard of care caused or contributed to the neurological damage suffered by Christian Arroyo and that these deviations were a cause or contributing cause of Christian Arroyo's permanent neurological injury. Further, the nursing violations from the standard of care as outlined by nurse Beverly J. Mike-Nard., M.S.N., and nurses Jane James were a cause or contributing cause of Christian Arroyo's permanent neurological injury.

Respectfully submitted:

_____

Dennis Davidson, M.D.
85 Carman Place
Amityville, New York 11701
New York license number 144519-1

Date: 12/29/05

CERTIFICATE FOR AN ACTION IN MEDICAL MALPRACTICE
PURSUANT TO 735 ILCS 5/2-622

I am a registered nurse licensed by the State of Ohio. I specialize in obstetrical and gynecological nursing. I have practiced in this area of nursing for the last 10 years and was in active practice at the time of this review. I am familiar with the appropriate standard of care for reasonably well qualified registered nurses in the treatment of obstetrical patients.

I have reviewed in detail medical records, facts, and other relevant materials pertaining to Maria Solorzano and Christian Arroyo, a minor, including prenatal records from Erie Family Health Center and the May 16, 2003 admission records from Northwestern Memorial Hospital.

For the reasons that follow below, it is my opinion, which I hold to a reasonable degree of medical certainty that a meritorious basis for filing an action exist against Northwestern Memorial Hospital, by and through its employees, agents and/or apparent agents, Sharilyn Wiers, R.N., Denise Kouvelis, R.N., Theresa Luedke, R.N. and Elizabeth Bohline, R.N.

My reasons relating to the care and treatment rendered by Northwestern Memorial Hospital, by and through its employees, agents and/or apparent agents, Sharilyn Wiers, R.N., Denise Kouvelis, R.N., Theresa Luedke, R.N. and Elizabeth Bohline, R.N., are as follows:

- failed to request antibiotic therapy be ordered for a patient presenting with an unknown GBS status;
- failed to advocate for proper medical care;
- failed to follow the chain of command;
- failed to request antibiotic therapy be ordered for a patent presenting with a suspected prolonged rupture of membranes; and
- failed to appreciate, and properly respond to Maria Solorzano's and Christian Arroyo's risk of infection.

Respectfully submitted,

Jane James, R.N.
211 Pawnee Court
Girard, Ohio 44420
State of Licensure, Ohio
Dated: 12/20/05

# CERTIFICATE FOR AN ACTION IN MEDICAL MALPRACTICE
## PURSUANT TO 735 ILCS 5/2-622

I am a physician licensed to practice medicine in the State of New York in all of its branches. I am board certified in pediatrics and sub-boarded in neonatal-perinatal medicine. I have practiced in the above-referenced areas of medicine for well over the last twenty years and was in active practice at the time of this review. I am qualified and familiar with the appropriate standard of care for a reasonably well-qualified pediatrician and sub-specialist in neonatal-perinatal medicine as well as the methods, procedures and treatments relevant to the allegations at issue in this case.

I have reviewed in detail medical records, facts, and other relevant materials pertaining to Maria Solorzano and Christian Arroyo, a minor, including prenatal records from Erie Family Health Center and the May 16, 2003 admission records from Northwestern Memorial Hospital.

For the reasons that follow below, it is my opinion, which I hold to a reasonable degree of medical certainty that a meritorious basis for filing an action exist against defendants, Dr. Schwab, individually, and Erie Family Health Center, by and through its actual and/or apparent, agents, employees, and/or servants, Dr. Schwab.

**My reasons relating to the care and treatment rendered by Erie Family Health Center and Dr. Schwab are as follows:**

- failed to appropriately supervise and monitor the care and treatment rendered to CHRISTIAN ARROYO;
- failed to recognize that CHRISTIAN ARRORYO was critically ill and treat him within the appropriate standard of care;
- failed to authorize the transfer of CHRISTIAN ARROYO to the neonatal intensive care unit and seek immediate consultation from a neonatologist when the baby demonstrated the first abnormalities in vital signs;
- failed to be readily available to the nursing staff for any problems associated with CHRISTIAN ARRORYO'S condition;
- failed to come to the hospital and examine CHRISTIAN ARROYO after being notified several times of his critical and worsening condition, and
- failed to recognize and respond appropriately to signs and symptoms of sepsis.

It is my opinion to a reasonable degree of medical certainty that the above-referenced deviations in the standard of care, each individually caused or contributed to the neurological damage suffered by Christian Arroyo and that these deviations were a cause or contributing cause of Christian Arroyo's permanent neurological injury.

Respectfully submitted:

*Dennis Davidson, MD* (signature)

Dennis Davidson, M.D.
85 Carman Place
Amityville, New York 11701
New York license number 144519-1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN ARROYO, a minor, by his Parents and Next Friends CARLOS ARROYO and MARIA SOLÓRZANO, and CARLOS ARROYO and MARIA SOLÓRZANO, Individually, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO: <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT OF
## DAVID J. PRITCHARD

I, DAVID J. PRITCHARD, being first duly sworn, state as follows:

1. I am the attorney for the Plaintiffs.

2. I have consulted with a medical doctor who I believe is familiar with the relevant issues involved in this particular action, has practiced within the last six years and who I reasonably believe is qualified by his experience to render opinions in the subject of this case.

3. That the reviewing healthcare provider has determined in written a report, after review of the medical records of CHRISTIAN ARROYO, and other relevant materials involved in this action, that there is a reasonable and meritorious cause for filing such an action against all the defendants.

4.  I reasonably believe on the basis reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing this action.

5.  This case has never been voluntarily dismissed.

FURTHER AFFIANT SAYETH NAUGHT:

David J. Pritchard  
Salvi, Schostok & Pritchard P.C.  
218 North Martin Luther King Jr. Avenue  
Waukegan, Illinois 60085  
847.249.1227  
FIRM: 34560

SUBSCRIBED and SWORN to before  
On August 29, 2007

_____  
Notary Public

OFFICIAL SEAL  
SHERI MCDONALD  
NOTARY PUBLIC - STATE OF ILLINOIS  
MY COMMISSION EXPIRES:10/11/09

2