UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN ARROYO, a minor, by his Parents and Next Friends, CAROLOS ARROYO and MARIA SOLORZANO, and CARLOS ARROYO and MARIA SOLORZANO, Individually,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | No. 07 C 4912<br><br>Judge St. Eve |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

This medical malpractice case brought on behalf of a minor is time-barred and should be dismissed on sovereign immunity grounds. The administrative claim that is a prerequisite to suit under the Federal Tort Claims Act ("FTCA") was not submitted within two years of the claim's accrual as required by statute. State-law tolling provisions that would arguably permit later filing on behalf of a minor if this were a state-law claim do not apply to FTCA cases against the United States. Nor does it matter whether a plaintiff knows at the time his claim accrues that it was a federal employee or agency that was allegedly responsible for his injuries.

**Facts**

On December 30, 2005, the parents of Christian Arroyo, a minor, filed a state action against Northwestern Memorial Hospital, Radha B. Reddy, M.D., Sharilyn Wiers, R.N., Denise Kouvelis, R.N., Theresa Luedke, R.N., Elizabeth Bohline, R.N., and Verlainna Callentine, M.D., alleging negligent gynecological care provided to Ms. Solorzano from February 1, 2003 until May 17, 2003,

and negligent pediatric care provided to Christian Arroyo after he was born on May 17, 2003 until July 8, 2003 (Case No. 05 L 14694, Circuit Court of Cook County, Ill.). The case was removed to federal court on May 2, 2006, and the United States was substituted for Drs. Callentine and Reddy pursuant to 42 U.S.C. § 233 and 28 U.S.C. § 2679(d)(1). (No. 06 C 4923, N.D.Ill.) Once the United States was substituted, the claim against it was deemed to be an action under the FTCA. The case was eventually dismissed without prejudice on June 21, 2006, for failure to file an administrative claim. In the meantime, Arroyo filed his administrative claim with the Department of Health and Human Services ("HHS") on April 19, 2006, more than two years after the cause of action accrued. The claim was denied and Arroyo filed the instant case against the United States.

## Discussion

Because the statute of limitations bars the suit, this court lacks jurisdiction over plaintiffs' tort claim due to sovereign immunity. Arroyo did not submit his administrative FTCA claim within the two years allowed by statute. In fact, it was submitted almost three years after the claim accrued. It does not matter whether Arroyo was a minor or whether he or his representatives knew that Drs. Reddy and Callentine were federal employees for purposes of this case. Nor does the "savings" provision in the FTCA — for certain claims brought initially against federal employees rather than the United States — save this case from dismissal.

### A. Because Arroyo's Claim Was Untimely, It Is Barred by Sovereign Immunity.

Arroyo's tort claim against the United States is subject to the FTCA's limited waiver of the government's sovereign immunity. The United States, as sovereign, is immune from suit unless it has expressly consented to be sued. *Federal Deposit Insurance Corp. v. Meyer,* 510 U.S. 471, 473 (1994). Additionally, "the terms of [the United States'] consent to be sued in any court define that

court's jurisdiction to entertain the suit." *United States v. Testan,* 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood,* 312 U.S. 584, 586 (1941). This waiver of sovereign immunity cannot be implied; it must be unequivocally expressed and strictly construed in the United States' favor. *United States v. Testan,* 424 U.S. at 399; *Library of Congress v. Shaw,* 478 U.S. 310, 318 (1986). As such, its terms and conditions set the boundaries for the court's subject matter jurisdiction over tort suits against the United States. *Soriano v. United States,* 352 U.S. 270 (1957).

"No one may file suit under the federal Tort Claims Act without first making an administrative claim. 28 U.S.C. § 2675(a); *McNeil v. United States,* 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). 'A tort claim against the United State shall be forever barred unless it is presented to the appropriate Federal agency within two years after such claim accrues'. 28 U.S.C. § 2401(b).'" *Kanar v. United States,* 118 F.3d 527, 528 (7th Cir. 1997). For FTCA purposes, accrual is governed by *federal*, not state law. *United States v. Kubrick,* 444 U.S. 111, 119 (1979). As a general rule, accrual of a tort claim occurs at the time of a plaintiff's injury. *Id.* According to the complaint filed in this case, Arroyo's cause of action accrued at the time of gynecological care provided to Solorzano from February 1, 2003 until May 17, 2003, and at the time of pediatric care provided to Arroyo after he was born on May 17, 2003 until June 8, 2003. Taking the latest date from which to infer negligence, Arroyo's administrative claim was due to be filed by June 8, 2005. His claim is barred because he did not file his claim until April 19, 2006, more than two years after the claims accrued.

    **B.**    **State Tolling Principles for Minority Do Not Apply to the FTCA's Statute of Limitations**.

Arroyo may contend that his administrative claim was timely filed because the FTCA's two-

year statute of limitations was tolled by virtue of his minority. While state law may provide otherwise, under *federal* law, a plaintiff's minority or mental incompetence do not toll administrative statute of limitations associated with the FTCA. *McCall v. United States,* 310 F.3d 984, 988 (7th Cir. 2002), *cert. denied,* 538 U.S. 946 (2003) (rejecting guardian's argument that it was unfair to apply this rule since that minor's parents did not have a duty to sue on their child's behalf). The Seventh Circuit noted that Congress considered but never adopted an amendment to the FTCA to provide for tolling while a plaintiff was a minor, lest such tolling would impermissibly extend the FTCA's waiver of sovereign immunity. *McCall,* 310 F.3d at 988. Other circuits have held likewise. "It is well established that state (and commonwealth) tolling rules do not affect the two-year statute of limitations applicable to federal claims." *Vega-Velez v. United States,* 800 F.2d 288, 290 (1st Cir. 1986). *See also Pipkin v. U.S. Postal Service,* 951 F.2d 272, 274-75 (10th Cir. 1991); *MacMillan v. United States*, 46 F.3d 377, 381 (5th Cir. 1995); *Zavala by Ruiz v. United States,* 876 F.2d 780, 783 (9th Cir. 1989); *Leonhard v. United States,* 633 F.2d 599, 624 (2d Cir. 1980).

      **C.    It Does Not Matter Whether Arroyo Was Aware of Drs. Reddy and Callentine's Federal Employee Status.**

Arroyo might argue that he lacked knowledge that Drs. Reddy and Callentine were federal employees thereby delaying accrual of his claim for FTCA purposes. However, that argument has already been rejected by courts. "Absent extraordinary circumstances, '[t]he statute of limitations under the FTCA . . . . does not wait until a plaintiff is aware that an alleged tortfeasor is a federal employee.'" *Skwira v. United States,* 344 F.3d 64, 76 (1st Cir. 2003) (quoting *Gould v. U.S. Dept. Of Health and Human Services,* 905 F.2d 738, 745 (4th Cir. 1990), *cert. denied,* 498 U.S. 1025 (1991). In fact, in the medically related tort context, such as that found here, a plaintiff "need not

4

know of a governmental causal connection for a claim to accrue under the FTCA." *Id.*

      **D.**     **The Savings Provision in the FTCA Does Not Apply.**

Finally, Arroyo might suggest that the "savings" provision of the FTCA applies to some instances where a plaintiff mistakenly sues a federal *employee* rather than filing an administrative claim against the *United States*. The FTCA does have a savings provision applicable in many cases, but not under the circumstances of this case. Section 2679(d)(5) provides:

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if –
>
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

But this savings provision applies only if Arroyo's administrative claim "would have been timely had it been filed on the date the underlying civil action was commenced." 28 U.S.C. § 2679(d)(5)(A). Arroyo filed his state court suit on December 30, 2005, six months beyond the FTCA's two-year statute of limitations. If he had filed an administrative claim the day he filed his state court lawsuit, his administrative claim would still have been untimely. Thus, the savings provision in § 2679 does not save the case.

5

**Conclusion**

For the foregoing reasons, the court should dismiss this case against the United States.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Eileen M. Marutzky
EILEEN M. MARUTZKY
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-1998